UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| United States of America </br></br> v. </br></br> Luis M. Morales | ) </br> ) </br> ) </br> ) C.A. No. 1:20-cr-00106/CR20-114MSM </br> ) </br> ) </br> ) |

ORDER

Mary S. McElroy, United States District Judge.

## I. BACKGROUND

On December 21, 2020, Luis Morales plead guilty to conspiracy to commit interstate transportation of stolen property, 18 U.S.C. § 371, interstate transportation of stolen property, 18 U.S.C. § 2314, and possession of a firearm by a prohibited person, 18 U.S.C. § 922 (g)(1). These charges arose from Mr. Morales' involvement in a series of high-end thefts of extreme sport and construction equipment including eleven jet skis, three sports boats, several all-terrain vehicles, and multiple other heavy machines. Mr. Morales was not involved in all of these thefts, and he was cooperative with officials during the investigation.

On April 4, 2022, this Court sentenced Mr. Morales' to 37 months of incarceration to be followed by a term of supervised release of three years. Mr. Morales is presently incarcerated at FMC Devens in the minimum-security camp. He now comes before the Court to request a reduction of his sentence to time served, with one year of home confinement as an added condition of supervised release, pursuant to the First Step

Act. The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, at 5239 (amending 18 U.S.C. § 3582(c)(1)(A) to authorize inmate-initiated motions for sentence reductions).

## II.   LEGAL STANDARD

This Court may grant an inmate's motion for reduction of his term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Congress has not specified the circumstances that qualify as "extraordinary and compelling," except to state that a reduction pursuant to this provision must be "consistent with the applicable policy statements by the Sentencing Commission." *Id.* § 3582(c)(1)(A). Because the relevant Sentencing Commission policy statement, U.S.S.G. § 1B1.13, has not been amended since the passage of the First Step Act, which first allowed for prisoner-initiated motions for compassionate release, the First Circuit has held that "a district court is not constrained by the existing policy statement on compassionate release when adjudicating a motion brought by a prisoner." *United States v. Ruvalcaba*, 26 F.4th 14, 21 (1st Cir. 2022). In the absence of an 'applicable' policy statement, district courts are "empowered ... to consider *any* extraordinary and compelling reason for release that a defendant might raise." *Id.* (quoting *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020).

Acknowledging that the U.S.S.G. § 1B1.13 policy statement is no longer applicable, the Sentencing Commission recently promulgated several amendments to incorporate the changes brought about by the passage of the First Step Act. On November 1, 2023, all courts will apply the new policy statement absent

2

Congressional action to the contrary—but courts may consider the amendments prior to that date. *See, e.g., United States v. Mathews*, No. 2:19-CR-41, 2023 WL 5924411, at *2 (S.D. Ohio Sept. 12, 2023).

U.S.S.G. § 1B1.13 as amended empowers judges to reduce the sentence of an inmate for any reason within a range of listed circumstances, such as "the death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care." *Id.* § 1B1.13(3)(A). The amended policy statement also contains a series of broad catchall provisions, which authorize a sentence reduction where "the defendant establishes that circumstances similar to those listed … exist." *See, e.g., Id.* § 1B1.13(3)(D). As such, district courts will retain broad authority to reduce an inmate's sentence when the amended policy takes effect.

## III.  DISCUSSION

Mr. Morales asserts that there is a compelling and extraordinary reason for the Court to reduce his sentence to time served, with one year of home confinement as an added condition of supervised release. Notably, the government does not object. The Court agrees with Mr. Morales.

Mr. Morales' son has leukemia. Despite the best efforts of his family, Mr. Morales' son's condition continues to deteriorate. Physicians have advised the family that curative care is no longer appropriate and have transitioned Mr. Morales' son to palliative care. Unfortunately, it is uncertain how long he will survive given his present condition.

The responsibility of taking care of his son has taken a severe toll on the family, and most significantly on his son's mother. As a result of this and other stressors, she submits that she suffers from severe depression which makes it challenging to care for her son and her other children. *See* ECF No. 33 at 11; U.S.S.G §§ 1B1.13(3)(A), 1B1.13(3)(D). Reducing Mr. Morales' sentence will allow him to fulfill his caretaking responsibilities for his terminally ill son when his son's mother and only caretaker is near her breaking point. *See United States v. Barnes*, No. 3:17-cr-00011, 2021 WL 1269783, at *4 (S.D. Ind. Jan. 29, 2021) (granting a sentence reduction where "[i]instead of having two adults in the home that can provide care, there [was] now only one caretaker who is facing her own health concerns").

When extraordinary and compelling reasons for a sentence reduction are established, the Court must still consider the relevant sentencing factors set forth in 18 U.S.C. § 3553(a) to determine whether a sentence reduction is warranted. 18 U.S.C. § 3582(c)(1)(A). These factors include—among other things—the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed, and the need to avoid unwarranted sentence disparities with similarly situated defendants. *Id.* § 3553(a). These factors are to be weighed to craft a sentence "sufficient, but not greater than necessary" to serve the purposes of sentencing. *Id.*

The § 3553(a) factors support a reduction of Mr. Morales' sentence. Mr. Morales did not commit a violent crime, and he has no history of violent crime. While incarcerated, Mr. Morales has not been subject to any discipline. He has also

4

participated in programs such as an ACT Workkeys Certification, a House Keeping Apprenticeship, and a Drug Education program. Prior to his incarceration, Mr. Morales spent two years on pre-trial release with no violations, and he surrendered when ordered to do so. And, if he were to remain incarcerated, Mr. Morales would nevertheless be eligible for resentencing in less than six months due to pending amendments to the Sentencing Guidelines. *See* U.S.S.G. Amendment 821. Moreover, the government does not object to Mr. Morales' release. A reduced sentence to include one year of home confinement is sufficient to serve the purposes of incarceration under these circumstances. § 3553(a).

## IV.   CONCLUSION

Mr. Morales' motion for a reduction of sentence is **GRANTED**. Mr. Morales shall be placed on one year of home detention as an additional condition of supervised release. While on home detention he will be subject to RF monitoring, and will be restricted to his residence every day except as permitted by probation and with exception to include caring for his son as well as for employment, education, religious services, medical treatment, substance abuse or mental health treatment, attorney visits, court appearances, court-ordered obligations or other activities as pre-approved by the officer The defendant shall pay all or part of the cost of monitoring based on ability to pay as determined by the probation officer. Mr. Morales shall report to the probation office no later than 2 p.m. on Monday October 23, 2023.

So Ordered,

_____
Mary S. McElroy
United States District Judge
October 20, 2023